The information available on Case.net is provided as a service and is not considered an official court record.

Case.net:2622-CC13338 - Section 509.520 RSMo Information (E-CASE) - Docket Entries

**Sort by date:** Descending Ascending **Display options:** All Entries

EXHIBIT A

**08/21/2026**

**Filing Info Sheet eFiling**

**Filed By:** LAURA BECK WILKINSON

**Note to Clerk eFiling**

**Filed By:** LAURA BECK WILKINSON

**Proposed Order Filed**

Proposed Temporary Restraining Order.

**Filed By:** LAURA BECK WILKINSON

**On Behalf Of:** LAURA WILKINSON, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner

**Notice of Hearing Filed**

Notice of Hearing.

**Filed By:** LAURA BECK WILKINSON

**On Behalf Of:** LAURA WILKINSON, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner

**Confid Filing Info Sheet Filed**

Confidential Case Info Filing Sheet.

**Filed By:** LAURA BECK WILKINSON

**On Behalf Of:** LAURA WILKINSON, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner

**Suggestions in Support**

Suggestions in Support of Motion for TRO.

**Filed By:** LAURA BECK WILKINSON

**On Behalf Of:** LAURA WILKINSON, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner

**Mot for Temp Restraining Order**

Motion for Temporary Restraining Order.

**Filed By:** LAURA BECK WILKINSON

**On Behalf Of:** LAURA WILKINSON, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner

**Pet Filed in Circuit Ct**

Verified Petition for Declaratory and Injunctive Relief.

**Filed By:** LAURA BECK WILKINSON

**On Behalf Of:** LAURA WILKINSON, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner

**Proposed Order Filed**

Proposed Order Appointing Next Friend.

**Filed By:** LAURA BECK WILKINSON

**On Behalf Of:** LAURA WILKINSON, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner

**Request Filed**

Minor Childrens Request for Next Friend as Required by 52.02c.

**Filed By:** LAURA BECK WILKINSON

**On Behalf Of:** LAURA WILKINSON, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner

**Consent to Appt Next Friend**

Consent to Serve as Next Friend.

**Filed By:** LAURA BECK WILKINSON

**On Behalf Of:** LAURA WILKINSON, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner

**Motion to Appoint Next Friend**

Motion for Appointment of Next Friend.

**Filed By:** LAURA BECK WILKINSON

**On Behalf Of:** LAURA WILKINSON, Minor Plaintiff/Petitioner, Minor Plaintiff/Petitioner

2622-CC13338

Electronically Filed - City of St. Louis - August 21, 2026 - 07:41 PM

# IN THE 22ND JUDICIAL CIRCUIT IN AND FOR THE CITY OF ST. LOUIS, STATE OF MISSOURI CIVIL DIVISION

**LAURA BECK WILKINSON,**
Individually and as next friend of
**TWIN/CHILD A,**
and
**TWIN/CHILD B,**
Minor Children, Date of Birth: [redacted]
Plaintiffs.

vs.

**ST. LOUIS LANGUAGE IMMERSION SCHOOL;**
**DR. MEGHAN HILL,** in her official capacity; and
**JENNIFER TING,** in her official capacity,
Defendants.

Cause No.
Division No.

## MOTION FOR APPOINTMENT OF NEXT FRIEND

COMES NOW Plaintiff and moves this Court for its Order Appointing Next Friend, and in support state as follows:

1. Missouri Rule of Civil Procedure 52 requires that a minor's civil action may be commenced and prosecuted by his duly appointed guardian or next friend if he has no guardian.
2. A guardian ad litem is only appropriate where abuse and neglect are alleged, and no abuse or neglect is alleged in this case. Therefore a next friend is appropriate.
3. Plaintiff Laura Beck Wilkinson is minor children's legal mother.
4. It is in the minor children's best interests that Plaintiff be appointed as their next friend in this proceeding.
5. Consistent with 52.02(c), the minor children have requested in writing that Laura Beck Wilkinson be appointed as their next friend.

WHEREFORE, Plaintiffs pray this Court for its Order appointing Plaintiff Laura Beck Wilkinson as Next Friend for the minor children in the above-styled proceeding and for any such further orders as the Court may deem just and proper.

Electronically Filed - City of St. Louis - August 21, 2026 - 07:41 PM

**RESPECTFULLY SUBMITTED,**
**FOSTER + BLOOM LAW GROUP, PLLC**

BY: ______ *LJBW*

MARY BECK, MO BAR NO. 33789
**LAURA "JOANNA" BECK WILKINSON, MO BAR NO. 62583**
JOANNA@FOSTERBLOOMLAW.COM
232 NORTH KINGSHIGHWAY
UNIT 1109
ST. LOUIS, MISSOURI 63108
PHONE NO. 573.446.7554
FACSIMILE NO. 866.632.1345
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

COPY OF THE ABOVE AND FOREGOING SERVED VIA MISSOURI COURT'S E-FILING SYSTEM AND/OR ELECTRONICALLY MAILED ON ______________ WITH NOTICE TO:

**MICHELLE BASI**
**MBASI@TUETHKEENEY.COM**
**ATTORNEY FOR DEFENDANTS**

______ *LJBW*

**LAURA "JOANNA" BECK WILKINSON**
JOANNA@FOSTERBLOOMLAW.COM

2622-CC13338

Electronically Filed - City of St. Louis - August 21, 2026 - 07:41 PM

# IN THE 22ND JUDICIAL CIRCUIT IN AND FOR THE CITY OF ST. LOUIS, STATE OF MISSOURI CIVIL DIVISION

**LAURA BECK WILKINSON,**
Individually and as next friend of
**TWIN/CHILD B,**
and
**TWIN/CHILD A,**
Minor Children, Date of Birth: [redacted]
Plaintiffs.

vs.

**ST. LOUIS LANGUAGE IMMERSION SCHOOL; DR. MEGHAN HILL,** in her official capacity; and **JENNIFER TING,** in her official capacity,
Defendants.

Cause No.
Division No.

## CONSENT TO SERVE AS NEXT FRIEND

COME NOW Plaintiffs Laura Beck Wilkinson, and consent to serve as Next Friend for Minor Children TWIN/CHILD B and TWIN/CHILD A in the action filed herein.

**RESPECTFULLY SUBMITTED,**
**FOSTER + BLOOM LAW GROUP, PLLC**

BY: ________________

MARY BECK, MO BAR NO. 33789
**LAURA "JOANNA" BECK WILKINSON, MO BAR NO. 62583**
JOANNA@FOSTERBLOOMLAW.COM
232 NORTH KINGSHIGHWAY
UNIT 1109
ST. LOUIS, MISSOURI 63108
PHONE NO. 573.446.7554
FACSIMILE NO. 866.632.1345
**ATTORNEYS FOR PLAINTIFFS**

Electronically Filed - City of St. Louis - August 21, 2026 - 07:41 PM

I, Laura Beck Wilkinson, being first duly sworn, state that I am Plaintiff and the proposed next friend of the Minor Children; that I have read the foregoing Consent; and that the factual allegations contained therein are true and correct to my personal knowledge, except those stated on information and belief, which I believe to be true.

*Laura Beck Wilkinson* 08/21/2026

LAURA BECK WILKINSON

STATE OF Texas )
)
COUNTY OF Bexar )

Before me, the undersigned notary, personally appeared by remote online means Laura Beck Wilkinson, proved to me through identification documents, to be the person who signed the preceding or attached document in my presence and who swore or affirmed to me that the contents thereof are truthful and accurate to the best of her knowledge and belief.

IN WITNESS WHEREOF, I HEREUNTO SET MY HAND AND OFFICIAL SEAL ON THIS 21st DAY OF AUGUST, 2026.

*Roderick Taylor*

NOTARY PUBLIC

NOTARY PUBLIC STATE OF TEXAS

Roderick Taylor

ID NUMBER
133469646
COMMISSION EXPIRES
December 1, 2029

MY COMM NO & EXP: 12/01/2029

Electronically signed and notarized online using the Proof platform.

## CERTIFICATE OF SERVICE

COPY OF THE ABOVE AND FOREGOING SERVED VIA MISSOURI COURT'S E-FILING SYSTEM AND/OR ELECTRONICALLY MAILED ON ____________ WITH NOTICE TO:

**MICHELLE BASI**
**MBASI@TUETHKEENEY.COM**
**ATTORNEY FOR DEFENDANTS**

*LJBW*

**LAURA "JOANNA" BECK WILKINSON**
JOANNA@FOSTERBLOOMLAW.COM
**ATTORNEY PRO SE**

2622-CC13338

Electronically Filed - City of St. Louis - August 21, 2026 - 07:41 PM

# IN THE 22ND JUDICIAL CIRCUIT IN AND FOR THE CITY OF ST. LOUIS, STATE OF MISSOURI CIVIL DIVISION

**LAURA BECK WILKINSON,**
Individually and as next friend of
**TWIN/CHILD B,**
and
**TWIN/CHILD A,**
Minor Children, Date of Birth: [redacted]
Plaintiffs,

vs.

**ST. LOUIS LANGUAGE IMMERSION SCHOOL; DR. MEGHAN HILL,** in her official capacity; and **JENNIFER TING,** in her official capacity,
Defendants.

Cause No.
Division No.

## REQUEST FOR APPOINTMENT OF NEXT FRIEND

We, TWIN/CHILD B and TWIN/CHILD A, minor children and Plaintiffs in the above-captioned action, being of sufficient age and understanding to make this request, respectfully request pursuant to Missouri Rule of Civil Procedure 52.02(e) that this Court appoint our mother, Laura Beck Wilkinson, as our Next Friend for the purpose of this action.

We understand the nature of this proceeding and consent to our mother acting as our Next Friend. We believe this appointment is in our best interest.

Twin B
TWIN/CHILD B
Date: 8/21/26

Twin A
TWIN/CHILD A
Date: 8/21/26

## CERTIFICATE OF SERVICE

COPY OF THE ABOVE AND FOREGOING SERVED VIA MISSOURI COURT'S E-FILING SYSTEM AND/OR ELECTRONICALLY MAILED ON August 21, 2026 WITH NOTICE TO:

Electronically Filed - City of St. Louis - August 21, 2026 - 07:41 PM

MICHELLE BASI
MBASI@TUETHKEENEY.COM
ATTORNEY FOR DEFENDANTS

/s/ LJBW

LAURA "JOANNA" BECK WILKINSON
JOANNA@FOSTERBLOOMLAW.COM
ATTORNEY PRO SE

Electronically Filed - City of St. Louis - August 21, 2026 - 07:41 PM

# IN THE 22ND JUDICIAL CIRCUIT IN AND FOR THE CITY OF ST. LOUIS, STATE OF MISSOURI CIVIL DIVISION

**LAURA BECK WILKINSON,**
Individually and as next friend of
**TWIN/CHILD B,**
and
**TWIN/CHILD A,**
Minor Children, Date of Birth: [redacted]
Plaintiffs.

vs.

**ST. LOUIS LANGUAGE IMMERSION SCHOOL;**
**DR. MEGHAN HILL,** in her official capacity; and
**JENNIFER TING,** in her official capacity,
Defendants.

Cause No.
Division No.

# VERIFIED PETITION FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Laura "Joanna" Beck Wilkinson, individually and as next friend of her minor children, TWIN/CHILD A and TWIN/CHILD B (the "Twins"), for her Verified Petition against Defendants St. Louis Language Immersion School ("SLLIS"), Dr. Meghan Hill, in her official capacity, and Jennifer Ting, in her official capacity, states as follows:

## NATURE OF THE ACTION

1. This is an emergency action to compel a Missouri public charter school to enroll two resident pupils before the 2026–2027 school year begins. From February through August 20, 2026, Defendant St. Louis Language Immersion School ("SLLIS") repeatedly delayed its decision, changed the asserted conditions of enrollment, and withheld the information and materials necessary for the pupils to begin school.

2. In February 2026, Plaintiff attended an SLLIS open house and began the enrollment process for the Twins. SLLIS's published policy states that new applicants to its Spanish Program are "welcome in grades two (2) and up" and that applicants whose prior school provided less than fifty percent instruction in Spanish "may be subject to assessment of their language skills prior to enrollment." The policy does not state that prior completion

Electronically Filed - City of St. Louis - August 21, 2026 - 07:41 PM

of eighth grade or failure to attain an undisclosed score on an evaluation permits SLLIS to deny enrollment.

3. On June 21, 2026, the Twins' prior school records were transmitted to SLLIS. On or about June 2026, Plaintiff spoke with Defendant Jennifer Ting, SLLIS's Admissions Director, concerning Spanish-language readiness, and SLLIS scheduled a language evaluation. Defendant Ting did not disclose that SLLIS considered the Twins ineligible because they had previously completed eighth grade.

4. After receiving the Twins' records and scheduling the evaluation, SLLIS ceased communicating with Plaintiff. SLLIS did not send registration materials, disclose any concern about prior grade completion, identify any additional enrollment requirement, or advise Plaintiff that the Twins' applications had been or would be denied.

5. On August 3, 2026, after weeks of silence, Plaintiff contacted Defendant Ting to ask why the Twins had not been registered. Only then did Defendant Ting state that SLLIS would reject the Twins because they had already completed eighth grade in an English-language program.

6. SLLIS disclosed that decision approximately two days before Plaintiff and the Twins were scheduled to depart for a previously arranged Spanish immersion program in Spain. Plaintiff was forced to seek emergency review while preparing to travel, contacting SLLIS's Superintendent, the University of Missouri–St. Louis as SLLIS's charter sponsor, and the Missouri Department of Elementary and Secondary Education.

7. Defendant Hill directed Plaintiff to SLLIS's attorney. Despite the rapidly approaching school year and the time-sensitive nature of the dispute, SLLIS's attorney did not respond expeditiously. Counsel did not respond until August 13, 2026, when she advised Plaintiff's partner and mother that she would be willing to present a letter to SLLIS's Board of Directors.

8. In an effort to resolve the matter without litigation, Plaintiff agreed to defer seeking a temporary restraining order until after the Board's August 20, 2026 meeting. Plaintiff thereby afforded SLLIS another opportunity to correct its decision before judicial intervention became necessary.

9. On August 20, 2026, SLLIS changed its position again. Through counsel, SLLIS stated that it would be willing to evaluate the Twins and condition enrollment on the results. SLLIS did not enroll the Twins, provide registration materials, disclose the standards or procedures governing the proposed evaluation, confirm that the evaluation would be used only to determine grade placement, or provide information concerning the first day of school, required supplies, schedules, or instructions.

10. SLLIS' sequence of conduct—remaining silent after receiving the Twins' records, disclosing a previously unstated basis for rejection only after Plaintiff asked why registration had not occurred, delaying a substantive response while the school year

Electronically Filed - City of St. Louis - August 21, 2026 - 07:41 PM

approached, and then asserting a new evaluation condition on August 20—supports a reasonable inference that SLLIS has not administered the Twins' applications consistently, transparently, or in good faith.

11. In light of SLLIS's shifting positions, unexplained delays, failure to disclose objective evaluation standards, and continued withholding of enrollment materials, Plaintiff has no reasonable assurance that the proposed evaluation would be fair or used solely for legitimate grade placement. Plaintiff therefore no longer relies on the evaluation as a condition of enrollment and seeks a declaration that SLLIS must enroll the Twins as resident pupils. SLLIS may conduct a fair evaluation after enrollment solely to determine their appropriate grade placement within the Spanish Program, but not to decide whether they may attend SLLIS.

12. School begins within days. The Twins remain unenrolled, have received no registration or school-start materials, and have no available alternative placement. Unless the Court grants immediate relief, SLLIS's continued delays and shifting conditions will cause the Twins to miss the beginning of the school year and suffer educational harm that cannot be repaired after the fact.

## PARTIES, JURISDICTION, AND VENUE

13. Plaintiff Laura "Joanna" Wilkinson is a natural person and the Twins' parent and natural guardian. Plaintiffs reside in the City of St. Louis, Missouri.

14. TWIN/CHILD A and TWIN/CHILD B are minor twin brothers. They appear through their parent as next friend pursuant to Missouri Rule of Civil Procedure 52.02.

15. The Twins' full legal names are omitted from the public filing under Missouri's confidential-information requirements and are provided on the simultaneously filed Confidential Case Filing Information Sheet.

16. Defendant SLLIS is a Missouri public charter school located and operating in the City of St. Louis. On information and belief, SLLIS is sponsored or authorized by the University of Missouri–St. Louis.

17. Defendant Dr. Meghan Hill is SLLIS's Superintendent and is sued solely in her official capacity. Defendant Hill has authority over SLLIS's administration and the challenged admissions decision.

18. Defendant Jennifer Ting is SLLIS's Admissions Director and is sued solely in her official capacity. Defendant Ting administered the Twins' applications and communicated the challenged decision.

19. This Court has subject-matter jurisdiction under article V, section 14 of the Missouri Constitution, RSMo § 527.010, and Missouri Rule of Civil Procedure 92.02.

Electronically Filed - City of St. Louis - August 21, 2026 - 07:41 PM

20. An actual, present, and justiciable controversy exists concerning the Parties' rights and obligations under RSMo § 160.405 and 160.410, SLLIS's published admissions policy, and SLLIS's charter obligations.

21. Venue is proper in the City of St. Louis because SLLIS operates here, the individual Defendants perform their official duties here, Plaintiffs reside here, and the challenged conduct and resulting injury occurred or will occur here.

## FACTS

22. The Twins began kindergarten early and are approximately the same age as students entering eighth grade at SLLIS.

23. The Twins completed eighth grade at the College School in Webster Groves, Missouri, an experiential, nontraditional, English-language program.

24. The May 16, 2025 EF3 tornado that struck the City of St. Louis profoundly damaged the family home, and they have since lived in temporary housing at two different homes within the city of St. Louis. They hope to someday return to their home which is also in the City of St. Louis.

25. The EF3 tornado that decimated Plaintiffs' neighborhood in May 2025 caused profound disruption and emotional distress to the entire family. In its aftermath, Plaintiff deliberately re-examined her four children's educational timeline and determined that an additional year before high school for Minor Children — for social-emotional, developmental, and educational reasons — was in the Twins' best interest. This decision reflected careful parental judgment, not academic failure.

26. Minor Children have studied Spanish since they started school. Their educational goals include bilingualism, possible attendance at Metro Academic and Classical High School's International Baccalaureate program, and future study abroad.

27. In or about February 2026, Plaintiff submitted enrollment materials for the Twins to enter SLLIS's eighth-grade Spanish immersion program for the 2026–2027 school year.

28. Plaintiff Laura "Joanna" Wilkinson attended an SLLIS open house with Minor Children and followed up with Defendant Ting by email. Defendant Ting raised questions concerning Spanish-language readiness. She did not state that prior completion of eighth grade would disqualify Minor Children.

29. During the ensuing spring and summer communications, SLLIS continued to address Spanish-language readiness and did not disclose that it considered prior completion of eighth grade a bar to admission or placement.

30. In direct reliance on that process, Plaintiff arranged intensive Spanish tutoring for the Twins three days per week during the spring semester and five days per week throughout the summer with a current SLLIS faculty member.

Electronically Filed - City of St. Louis - August 21, 2026 - 07:41 PM

31. Plaintiff also arranged a two-week total Spanish immersion trip in rural Spain immediately before the school year. Plaintiff is filing this action about 18 hours after she returned from that trip.

32. SLLIS scheduled a language-placement evaluation for August 21, 2026.

33. On information and belief, SLLIS received the Twins' academic records from the College School on June 21, 2026. On information and belief, SLLIS then decided to deny enrollment or placement but did not promptly communicate that decision to Plaintiff.

34. Although Defendants knew Plaintiff continued to arrange intensive Spanish tutoring, prepare the Twins for SLLIS's scheduled evaluation, and make substantial arrangements for the immersion program in Spain, Defendants did not disclose that they had decided to deny enrollment or that they intended to rely on prior completion of eighth grade.

35. On August 3, 2026, Plaintiff affirmatively asked Defendant Ting why Plaintiff had not received registration and enrollment materials.

36. Only after Plaintiff made that inquiry did Defendant Ting disclose for the first time that SLLIS had denied the Twins because they had completed eighth grade in English.

37. The timing of the disclosure, Defendants' knowledge of Plaintiff's continuing preparations, and Defendants' failure to communicate a decision already made support a reasonable inference that Defendants deliberately withheld the decision until Plaintiff's inquiry required a response.

38. Defendants' delayed disclosure deprived Plaintiff of a meaningful opportunity to challenge the unpublished criterion or obtain another school placement before the 2026–2027 school year.

39. Defendants' withholding of the decision, shifting explanations, and continued failure to provide registration materials demonstrate bad faith and materially contributed to the emergency now before the Court.

40. After this dispute arose, SLLIS advised Plaintiff that it would waive its previously asserted prior-grade-completion criterion and enroll the Twins only if they first pass a Spanish-language evaluation.

41. SLLIS has nevertheless failed to provide registration or enrollment materials, although the school year begins in four days.

42. The conditional offer does not resolve the controversy. SLLIS continues to assert that it may use Spanish-language proficiency or the result of an evaluation to deny enrollment, while Plaintiff contends that section 160.410.1 and SLLIS's published policy require enrollment and permit an evaluation, if at all, only to determine appropriate placement.

Electronically Filed - City of St. Louis - August 21, 2026 - 07:41 PM

43. Given SLLIS's delayed disclosure of its earlier decision, shifting grounds for exclusion, continued withholding of registration materials, and insistence on an evaluation as a condition of enrollment, Plaintiff reasonably believes that the proposed evaluation may not be administered fairly or under disclosed, objective standards.

## THE PUBLISHED ADMISSIONS POLICY

44. SLLIS's handbook states that SLLIS enrolls students in accordance with RSMo § 160.410, including students residing in the City of St. Louis. The twins are St. Louis City residents.

45. Under "Other Enrollment Provisions for Pre-Kindergarten – 8th Grade," the handbook states that SLLIS restricts enrollment to specified grade levels under RSMo § 160.410.3.

46. For the Spanish and Chinese Programs, the handbook states that SLLIS accepts new applicants for pre-kindergarten, kindergarten, and first grade.

47. It then expressly provides: "New applicants to SLLIS' Spanish Program or Chinese Program are welcome in grades two (2) and up if they have attended a school during the last calendar year in which 50% or more of instruction is conducted in the target language of the school of application."

48. The policy further provides: "If less than 50%, applicant students may be subject to assessment of their language skills prior to enrollment."

49. The policy states only that an applicant "may be subject to assessment of their language skills prior to enrollment." It does not state that the applicant must achieve a particular score, identify any passing standard, or provide that SLLIS may deny enrollment based on assessment results.

50. Reading the assessment provision as an undisclosed pass-or-fail admissions condition would permit SLLIS to add an enrollment restriction that the published policy does not state.

51. Plaintiffs therefore contend that SLLIS may use a fair language evaluation to determine appropriate instructional or grade placement but not to deny enrollment to resident pupils.

52. Because SLLIS offers grades through eighth grade, "grades two (2) and up" includes eighth grade.

53. The published policy does not state that prior completion of the requested grade at another school is a bar to enrollment.

54. The policy does not state that an applicant who completed eighth grade in English is ineligible for eighth-grade Spanish immersion.

Electronically Filed - City of St. Louis - August 21, 2026 - 07:41 PM

55. The policy does not authorize SLLIS to substitute an unpublished prior-grade-completion bar for the language assessment expressly contemplated for an upper-grade applicant whose prior instruction was less than fifty percent Spanish.

56. The criterion applied to the Twins therefore operates as an additional, categorical admissions restriction absent from the policy through which SLLIS publicly represents compliance with RSMo § 160.410.3.

## STATUTORY AND CHARTER FRAMEWORK

57. RSMo § 160.410.1 provides that a charter school shall enroll all pupils resident in the district in which it operates.

58. If capacity is insufficient for all timely applicants, RSMo § 160.410.2 requires an admissions process assuring all applicants an equal chance of admission, subject to specified statutory preferences.

59. RSMo § 160.410.3 prohibits limiting admission based on race, ethnicity, national origin, disability, income level, English-language proficiency, or athletic ability, while permitting a charter school to limit admission to pupils within a given age group or grade level.

60. SLLIS offers eighth grade and its published policy affirmatively accepts qualifying new Spanish Program applicants in grades two and above. The Twins seek the eighth grade level SLLIS offers; they do not seek admission to a nonexistent grade.

61. RSMo § 160.405 requires a charter to address admissions policies and establishes the charter as a binding performance contract governing the school and sponsor.

62. SLLIS may exercise legitimate pedagogical judgment under lawfully adopted standards, but it may not use "placement discretion" as a label for an unpublished, categorical eligibility rule that supplants the admissions process it published and applied to Plaintiffs for months.

## ADMINISTRATIVE EFFORTS AND IMMEDIACY

63. Plaintiff sent detailed written responses to Defendants Ting and Hill.

64. Defendant Hill responded that grade placement was within SLLIS's discretion and referred Plaintiff to school counsel, Michelle Basi.

65. Plaintiff filed formal complaints with SLLIS's sponsor or authorizer, the University of Missouri–St. Louis, and with the Missouri Department of Elementary and Secondary Education.

66. School counsel offered to present the matter to SLLIS's Board of Directors, and Plaintiff submitted a formal written request to the Board.

Electronically Filed - City of St. Louis - August 21, 2026 - 07:41 PM

67. No administrative resolution has been reached at the time Plaintiff signs this petition. Any remaining process cannot provide effective relief before the school year begins.

68. High-school placement in the St. Louis area ordinarily requires substantial advance planning. The Twins' peers have obtained placements through earlier private-school application processes or attend county public schools unavailable to City residents.

69. Plaintiffs have no available alternative school placement for the 2026–2027 year.

70. Loss of an entire school year, interruption of the Twins' education, and the cascading effect on later high-school placement cannot be adequately compensated with money damages.

71. Defendants, by contrast, will suffer little or no cognizable harm from admitting two resident students under the published policy, conducting the scheduled assessment, or preserving two seats while the Court hears the request for preliminary relief.

## COUNT I — DECLARATORY JUDGMENT

Plaintiffs incorporate paragraphs 1 through 71 as though fully set forth here.

72. Under RSMo §§ 527.010 through 527.140, and Missouri Rule of Civil Procedure 87, Plaintiffs seek a declaratory judgment resolving an actual, present, and justiciable controversy concerning Defendants' statutory obligation to enroll resident pupils and their authority to impose criteria not contained in SLLIS's published admissions policy.

73. Plaintiffs' rights and legal relations are directly affected by RSMo §§ 160.405 and 160.410, SLLIS's charter obligations, and SLLIS's published admissions policy. The requested declaratory judgment will terminate the controversy or remove uncertainty concerning the Minor Children's right to enroll before the 2026–2027 school year begins.

74. SLLIS's published policy permits new Spanish Program applicants in grades two through eight and provides a language-assessment pathway when less than fifty percent of prior instruction occurred in Spanish.

75. Defendants contend that they may categorically deny the Twins eighth-grade placement because the Twins completed eighth grade in English, although that criterion is absent from the published admissions policy.

76. Plaintiffs contend that RSMo §§ 160.405 and 160.410, SLLIS's charter obligations, and the published admissions policy do not permit Defendants to impose that undisclosed categorical criterion after treating language readiness as the operative issue throughout the enrollment process.

77. A declaration of the parties' rights will terminate this controversy and guide Defendants' conduct before the school year is lost.

WHEREFORE, Plaintiff requests judgment declaring that:

Electronically Filed - City of St. Louis - August 21, 2026 - 07:41 PM

(a) under section 160.410.1, RSMo, Defendants must enroll the Twins in SLLIS for the 2026–2027 school year because they are resident pupils of the City of St. Louis, absent a demonstrated insufficiency of capacity administered through the equal-chance process required by section 160.410.2;

(b) Defendants may not deny enrollment based on the Twins' prior completion of eighth grade in an English-language program, Spanish-language proficiency, or the result of any language evaluation because none of those grounds is stated in SLLIS's published policy as a basis for denying enrollment;

(c) SLLIS may conduct a fair and objectively administered Spanish-language evaluation solely to determine appropriate grade placement within SLLIS's Spanish Program and not to determine whether the Twins may enroll;

(d) Defendants must immediately provide all registration and enrollment materials necessary for the Twins to begin attending SLLIS when the 2026–2027 school year begins; and

(e) the Court should grant such other relief as is just.

## COUNT II — INJUNCTIVE RELIEF

Plaintiffs incorporate paragraphs 1 through 77 as though fully set forth here.

78. Plaintiffs have no adequate remedy at law because monetary damages cannot replace a lost year of education or restore the time-sensitive opportunity to begin school with classmates.

79. Plaintiffs are likely to succeed because the applied criterion is absent from the published policy, conflicts with the policy's express assessment pathway, and functions as an additional admissions restriction not disclosed in advance.

80. Immediate and irreparable injury will result without relief because the school year is imminent and no alternative placement is available.

81. The balance of harms favors Plaintiffs. Temporary admission of two resident students, immediate completion of the scheduled assessment, or preservation of two seats imposes minimal administrative burden compared with the loss of an entire school year.

82. The public interest favors transparent, consistent, and lawful administration of public-school admissions policies.

83. Plaintiffs are willing to post such bond or cash deposit as the Court deems sufficient under Rule 92.02(d), and request that the amount be nominal because the requested relief creates no reasonably measurable monetary loss to Defendants.

84. The equities further favor relief because Defendants failed to disclose the denial when it was made, allowed Plaintiffs to continue relying on the scheduled language-assessment process, and revealed the decision only after Plaintiff requested the missing registration materials. This conduct frustrated timely review and materially increased the threatened irreparable harm.

Electronically Filed - City of St. Louis - August 21, 2026 - 07:41 PM

**WHEREFORE**, Plaintiff requests temporary, preliminary, and permanent injunctive relief: (a) directing Defendants immediately to enroll the Twins in SLLIS for the 2026–2027 school year, provide all registration and enrollment materials, and place them in the eighth-grade Spanish Program pending final judgment; or, alternatively, (b) directing immediate enrollment in SLLIS, prohibiting Defendants from using prior completion of eighth grade, Spanish-language proficiency, or any language-evaluation result to deny or delay enrollment, permitting a fair language evaluation solely to determine appropriate grade placement within SLLIS's Spanish Program, and preserving two seats pending that placement determination and further order; together with costs and all further relief the Court deems just.

## COUNT III — 42 U.S.C. § 1983 — PROCEDURAL DUE PROCESS

Plaintiffs incorporate paragraphs 1 through 84 as though fully set forth here.

85. Defendants administer a taxpayer-funded Missouri public charter school and exercised authority conferred by Missouri law when they received, evaluated, and denied the Twins' applications. At all relevant times, Defendants acted under color of state law.

86. Missouri law provides resident school-age children an entitlement to a free public education. Plaintiffs do not allege a freestanding federal right to attend a particular charter school, repeat a particular grade, or participate in a particular immersion program.

87. As applied here, however, Defendants' timing and procedure deprived the Minor Children of a meaningful opportunity to secure timely access to free public education for the imminent school year.

88. Defendants published an upper-grade Spanish admissions pathway based on prior target-language instruction and possible language assessment. Through Defendant Ting and other SLLIS personnel, Defendants treated Spanish-language readiness as the operative issue and scheduled an assessment.

89. After months of enrollment communications and after receiving the Twins' school records, Defendants instead applied a categorical prior-grade-completion criterion that was not disclosed in the published admissions policy or during the application process.

90. Defendants did not provide timely notice of that criterion, disclose a standard governing its application, or afford Plaintiffs a meaningful opportunity to contest its use before alternative placement processes closed and the school year became imminent.

91. Defendant Hill adopted, affirmed, or authorized the denial as an exercise of SLLIS's institutional placement authority after Plaintiffs challenged it. The challenged deprivation therefore resulted from an authoritative institutional decision, not merely an unauthorized clerical error or isolated employee mistake.

92. Plaintiffs sought immediate review from SLLIS administration, its Board, its sponsor or authorizer, and DESE, but no available process produced timely review capable of

Electronically Filed - City of St. Louis - August 21, 2026 - 07:41 PM

preventing the Twins from beginning the school year without an available public-school placement.

93. Under these specific circumstances, post-deprivation relief after the school year begins cannot restore the educational time lost or supply the timely process constitutionally required before effective loss of access to free public education.

94. Defendants' continuing enforcement of the undisclosed criterion without timely notice and meaningful pre-deprivation review deprives the Twins of property without due process of law, in violation of the Fourteenth Amendment, actionable under 42 U.S.C. § 1983.

95. Plaintiffs seek prospective declaratory and injunctive relief against Defendants Hill and Ting in their official capacities and against SLLIS to the extent it is a person subject to suit under § 1983. Plaintiffs do not seek damages under this Count.

96. Plaintiffs do not allege that RSMo § 160.405 or 160.410, standing alone create federal rights enforceable under § 1983. Those statutes and SLLIS's published policy are relevant to the existence and administration of the asserted educational entitlement, the notice provided, and the process that was due.

WHEREFORE, Plaintiffs request judgment under 42 U.S.C. § 1983: (a) declaring that Defendants' continuing use of the undisclosed prior-grade-completion criterion, without timely notice and a meaningful opportunity for review before the school year, violates procedural due process as applied; (b) preliminarily and permanently enjoining that continuing deprivation by ordering the prospective relief requested in Counts I and II; (c) awarding reasonable attorney's fees under 42 U.S.C. § 1988 if Plaintiffs prevail; and (d) granting such other prospective relief as is just.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that the Court:

A. Issue a Temporary Restraining Order directing immediate provisional admission of the Twins to SLLIS's eighth-grade Spanish Program pending a preliminary-injunction hearing;

B. Alternatively, direct Defendants immediately to enroll the Twins in SLLIS; prohibit Defendants from using prior completion of eighth grade, Spanish-language proficiency, or any language-evaluation result to deny or delay enrollment; permit a fair language evaluation solely to determine appropriate grade placement within SLLIS's Spanish Program; require immediate delivery of all registration and enrollment materials; and preserve two seats pending that placement determination.

C. After notice and hearing, enter a preliminary injunction maintaining that relief during this action;

D. Enter the declarations requested in Count I;

Electronically Filed - City of St. Louis - August 21, 2026 - 07:41 PM

E. Enter permanent injunctive relief consistent with the declarations;

F. Award taxable costs and reasonable attorney's fees under 42 U.S.C. § 1988 and any other applicable law; and

G. Grant such other relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED,**
**FOSTER + BLOOM LAW GROUP, PLLC**

BY: ________________________

MARY BECK, MO BAR NO. 33789
**LAURA "JOANNA" BECK WILKINSON, MO BAR NO. 62583**
JOANNA@FOSTERBLOOMLAW.COM
232 NORTH KINGSHIGHWAY
UNIT 1109
ST. LOUIS, MISSOURI 63108
PHONE NO. 573.446.7554
FACSIMILE NO. 866.632.1345
**ATTORNEYS FOR PLAINTIFFS**

I, Laura Beck Wilkinson, being first duly sworn, state that I am Plaintiff and the proposed next friend of the Minor Children; that I have read the foregoing Verified Petition; and that the factual allegations contained therein are true and correct to my personal knowledge, except those stated on information and belief, which I believe to be true.

Laura Beck Wilkinson 08/21/2026
________________________
LAURA BECK WILKINSON

STATE OF Texas )
)
COUNTY OF Bexar )

Before me, the undersigned notary, personally appeared by remote online means Laura Beck Wilkinson, proved to me through identification documents, to be the person who signed the preceding or attached document in my presence and who swore or affirmed to me that the contents thereof are truthful and accurate to the best of her knowledge and belief.

IN WITNESS WHEREOF, I HEREUNTO SET MY HAND AND OFFICIAL SEAL ON THIS 21st DAY OF AUGUST, 2026.

Electronically Filed - City of St. Louis - August 21, 2026 - 07:41 PM

NOTARY PUBLIC

MY COMM NO & EXP: 12/01/2029

Electronically signed and notarized online using the Proof platform.

NOTARY PUBLIC STATE OF TEXAS

**Roderick Taylor**

ID NUMBER
133469646
COMMISSION EXPIRES
December 1, 2029

Electronically Filed - City of St. Louis - August 21, 2026 - 07:41 PM

# CERTIFICATE OF SERVICE

COPY OF THE ABOVE AND FOREGOING SERVED VIA MISSOURI COURT'S E-FILING SYSTEM AND/OR ELECTRONICALLY MAILED ON ______________ WITH NOTICE TO:

**MICHELLE BASI**
**MBASI@TUETHKEENEY.COM**
**ATTORNEY FOR DEFENDANTS**

/s/ LJBW

**LAURA "JOANNA" BECK WILKINSON**
JOANNA@FOSTERBLOOMLAW.COM

2622-CC13338

Electronically Filed - City of St. Louis - August 21, 2026 - 07:41 PM

# IN THE 22ND JUDICIAL CIRCUIT IN AND FOR THE CITY OF ST. LOUIS, STATE OF MISSOURI CIVIL DIVISION

**LAURA BECK WILKINSON,**
Individually and as next friend of
**TWIN/CHILD A,**
and
**TWIN/CHILD B,**
Minor Children, Date of Birth: [redacted]
Plaintiffs.

vs.

**ST. LOUIS LANGUAGE IMMERSION SCHOOL; DR. MEGHAN HILL,** in her official capacity; and **JENNIFER TING,** in her official capacity,
Defendants.

Cause No.
Division No.

# PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiffs move under Missouri Rule of Civil Procedure 92.02 for a noticed temporary restraining order and preliminary injunction. In support, Plaintiffs state:

1. Plaintiffs filed a Verified Petition establishing specific facts showing immediate and irreparable injury.

2. Plaintiffs are City of St. Louis residents. The minor twin children TWIN/CHILD A and TWIN/CHILD B ("the Twins") applied for SLLIS's eighth-grade Spanish immersion program for the 2026–2027 school year.

3. SLLIS's published policy states that new Spanish Program applicants are welcome in grades two and above and that applicants whose prior school provided less than fifty percent instruction in Spanish may be assessed before enrollment.

4. On or about June, 2026, Defendant Ting spoke to Plaintiff Laura Beck Wilkinson and scheduled a language-placement assessment for August 21, 2026. Before that assessment could occur, on August 3, 2026, SLLIS denied the applications because the Twins had previously completed eighth grade in English—a categorical restriction absent from the published policy.

Electronically Filed - City of St. Louis - August 21, 2026 - 07:41 PM

5. SLLIS now states that it will waive the prior-grade-completion criterion and enroll the Twins only if they pass a Spanish-language evaluation. SLLIS has not disclosed an objective passing standard and has not provided registration or enrollment materials, although school begins in four days.

6. That conditional proposal does not eliminate the emergency. It preserves SLLIS's claimed authority to deny enrollment based on an assessment result and leaves the Twins without completed enrollment immediately before classes begin.

7. Plaintiffs relied on SLLIS's language-readiness process by arranging spring semester tutoring three days/week, summer tutoring five days/week with an SLLIS faculty member, and a two-week Spanish immersion trip in Spain.

8. The school year is imminent, and the Twins have no available alternative placement. Without immediate relief they will lose educational time that cannot be restored through money damages.

9. Plaintiffs are likely to succeed because RSMo § 160.410 requires enrollment of resident pupils subject to lawful capacity and grade-level limits; SLLIS offers eighth grade; and its published policy expressly creates an upper-grade Spanish assessment pathway without any prior-grade-completion bar.

10. The balance of harms favors relief. Provisional admission of two resident students—or, alternatively, immediate assessment and preservation of two seats—creates minimal burden, while denial threatens loss of an entire school year.

11. The public interest favors transparent and consistent application of a public charter school's published admissions policy.

12. Plaintiffs request a noticed TRO of no more than fifteen days and an expedited preliminary-injunction hearing. Plaintiffs will provide reasonable notice at least twenty-four hours before the hearing as required by Rule 92.02(a)(3).

13. Plaintiffs are prepared to execute a bond or make a cash deposit in the amount the Court directs under Rule 92.02(d), and request a nominal amount because Defendants face no identifiable monetary loss.

WHEREFORE, Plaintiffs request that the Court:

A. Direct Defendants immediately to enroll TWIN/CHILD A and TWIN/CHILD A in SLLIS for the 2026–2027 school year, provide all registration and enrollment materials, and place them in SLLIS's eighth-grade Spanish Program pending the preliminary-injunction hearing;

B. Alternatively, direct immediate enrollment in SLLIS; prohibit Defendants from using prior completion of eighth grade, Spanish-language proficiency, or any assessment result to deny, delay, condition, or terminate enrollment; permit a fair assessment solely to

Electronically Filed - City of St. Louis - August 21, 2026 - 07:41 PM

determine appropriate grade placement within SLLIS's Spanish Program; and preserve two seats pending that placement determination and further order;

C. Set an expedited preliminary-injunction hearing at the earliest available date;

D. Fix a nominal bond or cash deposit; and

E. Grant all further relief the Court deems just.

**RESPECTFULLY SUBMITTED,**
**FOSTER + BLOOM LAW GROUP, PLLC**

BY: ______________________

MARY BECK, MO BAR NO. 33789
**LAURA "JOANNA" BECK WILKINSON, MO BAR NO. 62583**
JOANNA@FOSTERBLOOMLAW.COM
232 NORTH KINGSHIGHWAY
UNIT 1109
ST. LOUIS, MISSOURI 63108
PHONE NO. 573.446.7554
FACSIMILE NO. 866.632.1345
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

COPY OF THE ABOVE AND FOREGOING SERVED VIA MISSOURI COURT'S E-FILING SYSTEM AND/OR ELECTRONICALLY MAILED ON ______________________ WITH NOTICE TO:

**MICHELLE BASI**
**MBASI@TUETHKEENEY.COM**
**ATTORNEY FOR DEFENDANTS**

______________________

**LAURA "JOANNA" BECK WILKINSON**
JOANNA@FOSTERBLOOMLAW.COM

Electronically Filed - City of St. Louis - August 21, 2026 - 07:41 PM

# IN THE 22ND JUDICIAL CIRCUIT IN AND FOR THE CITY OF ST. LOUIS, STATE OF MISSOURI CIVIL DIVISION

| | |
|---|---|
| **LAURA BECK WILKINSON,**<br>Individually and as next friend of<br>**TWIN/CHILD B,**<br>and<br>**TWIN/CHILD A,**<br>Minor Children, Date of Birth: [redacted]<br>Plaintiffs. | ) |
| vs. | ) Cause No.<br>) Division No. |
| **ST. LOUIS LANGUAGE IMMERSION SCHOOL; DR. MEGHAN HILL,** in her official capacity; and **JENNIFER TING,** in her official capacity,<br>Defendants. | ) |

# SUGGESTIONS IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

## INTRODUCTION

This emergency arises from SLLIS's repeated changes to the asserted basis for refusing to enroll two City-resident children. SLLIS initially scheduled a Spanish-language evaluation, then rejected the Twins because they had already completed eighth grade in English and SLLIS purportedly does not retain students. After Plaintiff challenged that unpublished retention rule and delayed filing at SLLIS counsel's request, SLLIS reversed course again and returned to an evaluation—now treating it as a condition the Twins must satisfy before SLLIS will enroll them.

The chronology matters. Plaintiff began the enrollment process in February 2026. SLLIS received the Twins' prior school records on June 21, discussed Spanish-language readiness, and scheduled an evaluation without disclosing that prior completion of eighth grade would make them ineligible. SLLIS then remained silent until Plaintiff asked on August 3 why registration had not occurred. Only then did SLLIS announce that the Twins would be rejected because they had completed eighth grade in English and SLLIS would not retain them—a criterion absent from its published admissions policy.

Electronically Filed - City of St. Louis - August 21, 2026 - 07:41 PM

Plaintiff immediately sought review from SLLIS's Superintendent, its UMSL charter sponsor, and DESE. Plaintiff refrained from seeking a TRO until the Board could consider the matter on August 20. On August 20, SLLIS abandoned its categorical no-retention position but replaced it with a new condition: the Twins would be enrolled only if they passed an evaluation controlled by SLLIS. SLLIS has not disclosed objective standards, a passing score, an appeal or review procedure, or safeguards ensuring fair administration. It also has not enrolled the Twins or sent registration materials, start-of-school information, schedules, supply lists, or instructions.

SLLIS cannot avoid injunctive relief by withdrawing one unpublished barrier and substituting another at the last moment. Its silence after receiving the records, delayed disclosure, shifting explanations, and continued withholding of enrollment materials provide an objective basis to question whether a pass/fail evaluation controlled solely by SLLIS will be administered fairly. Rule 92.02 relief is necessary to require enrollment now. Any language evaluation may be administered after enrollment solely for legitimate grade placement within the Spanish Program—**not as another means to delay or deny admission.**

## RELEVANT FACTS

Plaintiffs reside in the City of St. Louis. The Twins have studied Spanish since they started school and applied in February 2026 to SLLIS's eighth-grade Spanish Program. They had completed eighth grade in an experiential, nontraditional English-language program. Following the EF3 tornado that struck St. Louis City in May 2025, destroying the family's home and decimating their neighborhood, the Twins' parents decided that the Twins would benefit from an additional year before high school for social-emotional, developmental, and educational reasons.

Plaintiff attended SLLIS's open house in February 2026 and began the enrollment process. SLLIS's published policy states that new Spanish Program applicants are welcome in grades two and above and that applicants whose prior school provided less than fifty percent instruction in Spanish may be assessed before enrollment. The policy does not state that prior completion of eighth grade or Spanish-language proficiency permits SLLIS to deny enrollment.

The Twins' prior school transmitted their records to SLLIS on June 21, 2026. On or about that time, Plaintiff spoke with Admissions Director Jennifer Ting about Spanish readiness, and SLLIS scheduled an evaluation.

After receiving the records and scheduling the evaluation, SLLIS stopped communicating. It sent no registration forms, disclosed no decision, and identified no additional enrollment requirement. On August 3, after weeks of silence, Plaintiff asked why the Twins had not been registered. Ting then stated for the first time that SLLIS would reject them because they had completed eighth grade in English. No letter of rejection was ever sent.

That disclosure came approximately two days before Plaintiff and the Twins departed for a Spanish immersion program in Spain. Plaintiff immediately contacted Superintendent Meghan Hill, UMSL as SLLIS's charter sponsor, and DESE. Hill directed Plaintiff to SLLIS's attorney, who did not

Electronically Filed - City of St. Louis - August 21, 2026 - 07:41 PM

respond until August 13, when counsel advised Plaintiff's partner and mother that she would present a letter to SLLIS's Board.

To allow SLLIS to resolve the dispute without litigation, Plaintiff agreed to postpone seeking a TRO until after the Board's August 20 meeting. On August 20, SLLIS withdrew its categorical position that the Twins could not enroll because they had completed eighth grade and SLLIS does not retain students. SLLIS then returned to the evaluation it had originally contemplated, but passing that evaluation a condition of enrollment and refused to send enrollment or registration materials in good faith to children who are supposed to start school in four days.

The threatened injury is immediate. SLLIS retains unilateral control over an undisclosed evaluation that it now proposes to use as the final gate to enrollment after its original no-retention rationale was challenged. The chronology—silence after receipt of the records, disclosure only after Plaintiff demanded registration information, delayed administrative review, abandonment of the original rationale, substitution of a pass/fail evaluation, and continued withholding of enrollment materials—supports requiring enrollment before evaluation and weighs heavily against allowing SLLIS to benefit from the emergency its own delays created.

The Twins have no available alternative school placement for 2026–2027.

## GOVERNING STANDARD

Missouri Rule of Civil Procedure 92.02 requires a verified petition or affidavit stating specific facts showing immediate and irreparable injury. A noticed TRO requires reasonable notice to adverse parties at least twenty-four hours before the hearing, may remain in effect no more than fifteen days unless properly extended, and must state the reasons and specific acts required or restrained. The Court must set bond or a cash deposit sufficient to protect against damages caused by wrongful restraint.

In assessing provisional injunctive relief, Missouri courts consider the movant's probability of success on the merits, the threat of irreparable harm absent relief, the balance between that harm and the injury the injunction may cause, and the public interest. See *State ex rel. Director of Revenue v. Gabbert*, 925 S.W.2d 838 (Mo. banc 1996).

## ARGUMENT

### I. Plaintiffs are likely to succeed on their claim that SLLIS may not apply the unpublished categorical criterion.

RSMo § 160.410.1 states that a charter school "shall enroll" all resident pupils in the district in which it operates. If capacity is insufficient, subsection 2 requires a process assuring timely applicants an equal chance of admission, subject to specified statutory preferences. Subsection 3 permits limits to a given age group or grade level but forbids admission limits based on specified characteristics, including English proficiency.

Electronically Filed - City of St. Louis - August 21, 2026 - 07:41 PM

SLLIS offers eighth grade. This is therefore not a request to create a grade SLLIS does not operate. Its published policy expressly states that new applicants to the Spanish Program are welcome in grades two and above if at least fifty percent of their prior instruction occurred in Spanish. If the percentage is lower, applicants "may be subject to assessment of their language skills prior to enrollment." The natural reading is that lower prior Spanish exposure triggers possible assessment—not automatic ineligibility.

The policy contains no prior-grade-completion bar. Nonetheless, Defendants treated completion of eighth grade in English as a categorical reason not to proceed with the contemplated assessment and enrollment. RSMo § 160.405 requires the charter to address admissions policies and creates binding obligations within the charter relationship. The statutory design does not support undisclosed, after-the-fact admissions barriers operating outside the policy through which the school represents compliance with RSMo § 160.410.

Defendants will likely call the decision pedagogical placement discretion. Schools possess legitimate authority to evaluate student placement. But discretion is not the same as an unpublished categorical rule. The Twins seek a grade SLLIS offers; the published policy accepts new Spanish applicants in that grade; and the policy identifies language assessment as the mechanism applicable to applicants with less Spanish-language instruction. The requested injunction does not ask the Court to devise curriculum. It asks the Court to prevent Defendants from replacing the published process with an undisclosed eligibility condition.

At minimum, Plaintiffs have shown a substantial probability of obtaining a declaration that Defendants must disregard the unpublished criterion and decide the applications through the published assessment pathway. Where capacity has not been asserted as the reason for denial, immediate provisional admission preserves the controversy without awarding final relief.

**SLLIS's conditional offer does not moot the controversy.**

SLLIS now offers to waive the prior-grade-completion criterion but continues to condition enrollment on the Twins passing a language evaluation. That offer does not provide the relief Plaintiff seeks. SLLIS has not enrolled the Twins, provided registration materials, disclosed a passing standard, or agreed that the evaluation will be used only for placement. The parties therefore remain in an active controversy over whether Spanish proficiency may be used to deny enrollment to resident pupils.

The published policy states that applicants with less than fifty percent prior target-language instruction "may be subject to assessment." It does not state that applicants must pass an assessment, identify a passing score, or authorize denial based on the result. SLLIS may evaluate the Twins for appropriate placement, but it may not transform the assessment language into an unstated admissions barrier.

Electronically Filed - City of St. Louis - August 21, 2026 - 07:41 PM

## II. WITHOUT IMMEDIATE RELIEF, THE TWINS WILL SUFFER IRREPARABLE INJURY.

The injury is educational time, not money. The school year is about to begin. The Twins have no available alternative placement. Private-school and selective high-school arrangements require advance application processes, while county public schools are unavailable to City residents. Every day without relief separates the Twins from instruction and makes later integration more difficult.

A later judgment cannot recreate the beginning of the school year, restore classroom continuity, or reverse the cascading effect of a year without school on later high-school placement. The Verified Petition therefore establishes the immediate and irreparable injury Rule 92.02 requires.

## III. THE BALANCE OF HARMS OVERWHELMINGLY FAVORS NARROWLY TAILORED RELIEF.

The equities also weigh against allowing SLLIS to benefit from the emergency its own conduct created. On information and belief, SLLIS had made its denial decision after receiving the Twins' records but disclosed it only after Plaintiff asked why registration materials had not arrived. SLLIS then shifted again to a conditional evaluation proposal four days before school without completing enrollment or disclosing objective standards. This chronology supports requiring enrollment first and resolving placement through a fair process afterward.

Provisional admission of two resident pupils pending an expedited hearing imposes limited administrative burden. The Twins were already proceeding toward an assessment, and Plaintiffs seek participation in an existing eighth-grade Spanish Program—not creation of a new program.

If the Court is unwilling to order provisional admission immediately, the alternative relief is even narrower: prohibit the unpublished criterion, require immediate remote or in-person language assessment to determine placement. Defendants cannot claim legitimate harm from being required temporarily to follow the process they published.

The harm on the other side is profound: the Twins will begin the year with no school and may lose the entire year before a final judgment. That imbalance strongly favors relief.

## IV. THE PUBLIC INTEREST FAVORS TRANSPARENT ADMINISTRATION OF PUBLIC-SCHOOL ADMISSIONS.

SLLIS is a taxpayer-funded public charter school. The public has a substantial interest in resident pupils receiving the enrollment protections enacted by the General Assembly and in charter schools applying announced admissions standards consistently. Emergency relief would not grant every applicant a preferred placement. It would ensure that a public institution cannot defeat access

Electronically Filed - City of St. Louis - August 21, 2026 - 07:41 PM

by invoking an unpublished categorical rule after directing an applicant through a different process for months.

## V. A NOMINAL BOND IS APPROPRIATE.

Rule 92.02(d) requires security. The requested relief creates no demonstrated monetary loss: SLLIS would provisionally educate two resident pupils or preserve two seats while conducting its own contemplated assessment. Plaintiffs therefore request a nominal bond or cash deposit of $100, or such other amount as the Court determines.

## CONCLUSION

The only way to get SLLIS to act in good faith is with a court order. Plaintiffs have spent six months watching every good-faith gesture on their part met with a new obstacle from SLLIS. A court order removes the discretion that SLLIS has been abusing.

Plaintiffs respectfully request a noticed TRO directing immediate enrollment and eighth-grade Spanish placement pending the preliminary-injunction hearing. Alternatively, the Court should direct immediate enrollment in SLLIS, prohibit Defendants from using prior grade completion or Spanish proficiency to deny enrollment, permit a fair assessment solely for grade placement within the Spanish Program, and preserve two seats pending that placement determination.

**RESPECTFULLY SUBMITTED,**
**FOSTER + BLOOM LAW GROUP, PLLC**

BY: ______LJBW______

MARY BECK, MO BAR NO. 33789
**LAURA "JOANNA" BECK WILKINSON, MO BAR NO. 62583**
JOANNA@FOSTERBLOOMLAW.COM
232 NORTH KINGSHIGHWAY
UNIT 1109
ST. LOUIS, MISSOURI 63108
PHONE NO. 573.446.7554
FACSIMILE NO. 866.632.1345
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

COPY OF THE ABOVE AND FOREGOING SERVED VIA MISSOURI COURT'S E-FILING SYSTEM AND/OR ELECTRONICALLY MAILED ON ____________________ WITH NOTICE TO:

**MICHELLE BASI**

Electronically Filed - City of St. Louis - August 21, 2026 - 07:41 PM

MBASI@TUETHKEENEY.COM
ATTORNEY FOR DEFENDANTS

LJBW

LAURA "JOANNA" BECK WILKINSON
JOANNA@FOSTERBLOOMLAW.COM

2622-CC13338

Electronically Filed - City of St. Louis - August 21, 2026 - 07:41 PM

# IN THE 22ND JUDICIAL CIRCUIT IN AND FOR THE CITY OF ST. LOUIS, STATE OF MISSOURI

**LAURA BECK WILKINSON,**
Individually and as next friend of
**TWIN/CHILD B,**
and
**TWIN/CHILD A,**
Minor Children, Date of Birth: [redacted]
Plaintiffs.

vs.

**ST. LOUIS LANGUAGE IMMERSION SCHOOL;**
**DR. MEGHAN HILL,** in her official capacity; and
**JENNIFER TING,** in her official capacity,
Defendants.

Cause No.
Division No.

# NOTICE OF EMERGENCY HEARING

PLEASE TAKE NOTICE that Plaintiffs will present their Emergency Motion for Temporary Restraining Order and Preliminary Injunction to the Circuit Court of the City of St. Louis on ________, August ___, 2026, at 9AM, in Division _____, or as soon thereafter as the Court may hear the matter.

Plaintiffs seek a noticed temporary restraining order under Missouri Rule of Civil Procedure 92.02 directing provisional admission of TWIN/CHILD A and TWIN/CHILD B to SLLIS's eighth-grade Spanish Program before the 2026–2027 school year begins. Alternatively, Plaintiffs seek an order prohibiting application of an unpublished prior-grade-completion criterion, requiring immediate language assessment as outlined by the published admissions policy to determine their placement and not for the purpose of further denying admission.

The Verified Petition, Motion, Suggestions in Support, and proposed order are being served with this Notice.

**RESPECTFULLY SUBMITTED,**
**FOSTER + BLOOM LAW GROUP, PLLC**

BY: ___________ LJBW

MARY BECK, MO BAR NO. 33789
**LAURA "JOANNA" BECK WILKINSON, MO BAR NO. 62583**

Electronically Filed - City of St. Louis - August 21, 2026 - 07:41 PM

JOANNA@FOSTERBLOOMLAW.COM
232 NORTH KINGSHIGHWAY
UNIT 1109
ST. LOUIS, MISSOURI 63108
PHONE NO. 573.446.7554
FACSIMILE NO. 866.632.1345
**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

COPY OF THE ABOVE AND FOREGOING SERVED VIA MISSOURI COURT'S E-FILING SYSTEM AND/OR ELECTRONICALLY MAILED ON ______________________ WITH NOTICE TO:

**MICHELLE BASI**
**MBASI@TUETHKEENEY.COM**
**ATTORNEY FOR DEFENDANTS**

LJBW

**LAURA "JOANNA" BECK WILKINSON**
JOANNA@FOSTERBLOOMLAW.COM