2622-CC13338

Electronically Filed - City of St. Louis - August 21, 2026 - 07:41 PM

# IN THE 22ND JUDICIAL CIRCUIT IN AND FOR THE CITY OF ST. LOUIS, STATE OF MISSOURI CIVIL DIVISION

**LAURA BECK WILKINSON,**
Individually and as next friend of
**TWIN/CHILD B,**
and
**TWIN/CHILD A,**
Minor Children, Date of Birth: [redacted]
Plaintiffs.

vs.

**ST. LOUIS LANGUAGE IMMERSION SCHOOL; DR. MEGHAN HILL,** in her official capacity; and **JENNIFER TING,** in her official capacity,
Defendants.

Cause No.
Division No.

# SUGGESTIONS IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

## INTRODUCTION

This emergency arises from SLLIS's repeated changes to the asserted basis for refusing to enroll two City-resident children. SLLIS initially scheduled a Spanish-language evaluation, then rejected the Twins because they had already completed eighth grade in English and SLLIS purportedly does not retain students. After Plaintiff challenged that unpublished retention rule and delayed filing at SLLIS counsel's request, SLLIS reversed course again and returned to an evaluation—now treating it as a condition the Twins must satisfy before SLLIS will enroll them.

The chronology matters. Plaintiff began the enrollment process in February 2026. SLLIS received the Twins' prior school records on June 21, discussed Spanish-language readiness, and scheduled an evaluation without disclosing that prior completion of eighth grade would make them ineligible. SLLIS then remained silent until Plaintiff asked on August 3 why registration had not occurred. Only then did SLLIS announce that the Twins would be rejected because they had completed eighth grade in English and SLLIS would not retain them—a criterion absent from its published admissions policy.

Electronically Filed - City of St. Louis - August 21, 2026 - 07:41 PM

Plaintiff immediately sought review from SLLIS's Superintendent, its UMSL charter sponsor, and DESE. Plaintiff refrained from seeking a TRO until the Board could consider the matter on August 20. On August 20, SLLIS abandoned its categorical no-retention position but replaced it with a new condition: the Twins would be enrolled only if they passed an evaluation controlled by SLLIS. SLLIS has not disclosed objective standards, a passing score, an appeal or review procedure, or safeguards ensuring fair administration. It also has not enrolled the Twins or sent registration materials, start-of-school information, schedules, supply lists, or instructions.

SLLIS cannot avoid injunctive relief by withdrawing one unpublished barrier and substituting another at the last moment. Its silence after receiving the records, delayed disclosure, shifting explanations, and continued withholding of enrollment materials provide an objective basis to question whether a pass/fail evaluation controlled solely by SLLIS will be administered fairly. Rule 92.02 relief is necessary to require enrollment now. Any language evaluation may be administered after enrollment solely for legitimate grade placement within the Spanish Program—**not as another means to delay or deny admission.**

## RELEVANT FACTS

Plaintiffs reside in the City of St. Louis. The Twins have studied Spanish since they started school and applied in February 2026 to SLLIS's eighth-grade Spanish Program. They had completed eighth grade in an experiential, nontraditional English-language program. Following the EF3 tornado that struck St. Louis City in May 2025, destroying the family's home and decimating their neighborhood, the Twins' parents decided that the Twins would benefit from an additional year before high school for social-emotional, developmental, and educational reasons.

Plaintiff attended SLLIS's open house in February 2026 and began the enrollment process. SLLIS's published policy states that new Spanish Program applicants are welcome in grades two and above and that applicants whose prior school provided less than fifty percent instruction in Spanish may be assessed before enrollment. The policy does not state that prior completion of eighth grade or Spanish-language proficiency permits SLLIS to deny enrollment.

The Twins' prior school transmitted their records to SLLIS on June 21, 2026. On or about that time, Plaintiff spoke with Admissions Director Jennifer Ting about Spanish readiness, and SLLIS scheduled an evaluation.

After receiving the records and scheduling the evaluation, SLLIS stopped communicating. It sent no registration forms, disclosed no decision, and identified no additional enrollment requirement. On August 3, after weeks of silence, Plaintiff asked why the Twins had not been registered. Ting then stated for the first time that SLLIS would reject them because they had completed eighth grade in English. No letter of rejection was ever sent.

That disclosure came approximately two days before Plaintiff and the Twins departed for a Spanish immersion program in Spain. Plaintiff immediately contacted Superintendent Meghan Hill, UMSL as SLLIS's charter sponsor, and DESE. Hill directed Plaintiff to SLLIS's attorney, who did not

Electronically Filed - City of St. Louis - August 21, 2026 - 07:41 PM

respond until August 13, when counsel advised Plaintiff's partner and mother that she would present a letter to SLLIS's Board.

To allow SLLIS to resolve the dispute without litigation, Plaintiff agreed to postpone seeking a TRO until after the Board's August 20 meeting. On August 20, SLLIS withdrew its categorical position that the Twins could not enroll because they had completed eighth grade and SLLIS does not retain students. SLLIS then returned to the evaluation it had originally contemplated, but passing that evaluation a condition of enrollment and refused to send enrollment or registration materials in good faith to children who are supposed to start school in four days.

The threatened injury is immediate. SLLIS retains unilateral control over an undisclosed evaluation that it now proposes to use as the final gate to enrollment after its original no-retention rationale was challenged. The chronology—silence after receipt of the records, disclosure only after Plaintiff demanded registration information, delayed administrative review, abandonment of the original rationale, substitution of a pass/fail evaluation, and continued withholding of enrollment materials—supports requiring enrollment before evaluation and weighs heavily against allowing SLLIS to benefit from the emergency its own delays created.

The Twins have no available alternative school placement for 2026–2027.

## Governing Standard

Missouri Rule of Civil Procedure 92.02 requires a verified petition or affidavit stating specific facts showing immediate and irreparable injury. A noticed TRO requires reasonable notice to adverse parties at least twenty-four hours before the hearing, may remain in effect no more than fifteen days unless properly extended, and must state the reasons and specific acts required or restrained. The Court must set bond or a cash deposit sufficient to protect against damages caused by wrongful restraint.

In assessing provisional injunctive relief, Missouri courts consider the movant's probability of success on the merits, the threat of irreparable harm absent relief, the balance between that harm and the injury the injunction may cause, and the public interest. See *State ex rel. Director of Revenue v. Gabbert*, 925 S.W.2d 838 (Mo. banc 1996).

## Argument

### I. Plaintiffs are likely to succeed on their claim that SLLIS may not apply the unpublished categorical criterion.

RSMo § 160.410.1 states that a charter school "shall enroll" all resident pupils in the district in which it operates. If capacity is insufficient, subsection 2 requires a process assuring timely applicants an equal chance of admission, subject to specified statutory preferences. Subsection 3 permits limits to a given age group or grade level but forbids admission limits based on specified characteristics, including English proficiency.

Electronically Filed - City of St. Louis - August 21, 2026 - 07:41 PM

SLLIS offers eighth grade. This is therefore not a request to create a grade SLLIS does not operate. Its published policy expressly states that new applicants to the Spanish Program are welcome in grades two and above if at least fifty percent of their prior instruction occurred in Spanish. If the percentage is lower, applicants "may be subject to assessment of their language skills prior to enrollment." The natural reading is that lower prior Spanish exposure triggers possible assessment—not automatic ineligibility.

The policy contains no prior-grade-completion bar. Nonetheless, Defendants treated completion of eighth grade in English as a categorical reason not to proceed with the contemplated assessment and enrollment. RSMo § 160.405 requires the charter to address admissions policies and creates binding obligations within the charter relationship. The statutory design does not support undisclosed, after-the-fact admissions barriers operating outside the policy through which the school represents compliance with RSMo § 160.410.

Defendants will likely call the decision pedagogical placement discretion. Schools possess legitimate authority to evaluate student placement. But discretion is not the same as an unpublished categorical rule. The Twins seek a grade SLLIS offers; the published policy accepts new Spanish applicants in that grade; and the policy identifies language assessment as the mechanism applicable to applicants with less Spanish-language instruction. The requested injunction does not ask the Court to devise curriculum. It asks the Court to prevent Defendants from replacing the published process with an undisclosed eligibility condition.

At minimum, Plaintiffs have shown a substantial probability of obtaining a declaration that Defendants must disregard the unpublished criterion and decide the applications through the published assessment pathway. Where capacity has not been asserted as the reason for denial, immediate provisional admission preserves the controversy without awarding final relief.

**SLLIS's conditional offer does not moot the controversy.**

SLLIS now offers to waive the prior-grade-completion criterion but continues to condition enrollment on the Twins passing a language evaluation. That offer does not provide the relief Plaintiff seeks. SLLIS has not enrolled the Twins, provided registration materials, disclosed a passing standard, or agreed that the evaluation will be used only for placement. The parties therefore remain in an active controversy over whether Spanish proficiency may be used to deny enrollment to resident pupils.

The published policy states that applicants with less than fifty percent prior target-language instruction "may be subject to assessment." It does not state that applicants must pass an assessment, identify a passing score, or authorize denial based on the result. SLLIS may evaluate the Twins for appropriate placement, but it may not transform the assessment language into an unstated admissions barrier.

Electronically Filed - City of St. Louis - August 21, 2026 - 07:41 PM

## II. WITHOUT IMMEDIATE RELIEF, THE TWINS WILL SUFFER IRREPARABLE INJURY.

The injury is educational time, not money. The school year is about to begin. The Twins have no available alternative placement. Private-school and selective high-school arrangements require advance application processes, while county public schools are unavailable to City residents. Every day without relief separates the Twins from instruction and makes later integration more difficult.

A later judgment cannot recreate the beginning of the school year, restore classroom continuity, or reverse the cascading effect of a year without school on later high-school placement. The Verified Petition therefore establishes the immediate and irreparable injury Rule 92.02 requires.

## III. THE BALANCE OF HARMS OVERWHELMINGLY FAVORS NARROWLY TAILORED RELIEF.

The equities also weigh against allowing SLLIS to benefit from the emergency its own conduct created. On information and belief, SLLIS had made its denial decision after receiving the Twins' records but disclosed it only after Plaintiff asked why registration materials had not arrived. SLLIS then shifted again to a conditional evaluation proposal four days before school without completing enrollment or disclosing objective standards. This chronology supports requiring enrollment first and resolving placement through a fair process afterward.

Provisional admission of two resident pupils pending an expedited hearing imposes limited administrative burden. The Twins were already proceeding toward an assessment, and Plaintiffs seek participation in an existing eighth-grade Spanish Program—not creation of a new program.

If the Court is unwilling to order provisional admission immediately, the alternative relief is even narrower: prohibit the unpublished criterion, require immediate remote or in-person language assessment to determine placement. Defendants cannot claim legitimate harm from being required temporarily to follow the process they published.

The harm on the other side is profound: the Twins will begin the year with no school and may lose the entire year before a final judgment. That imbalance strongly favors relief.

## IV. THE PUBLIC INTEREST FAVORS TRANSPARENT ADMINISTRATION OF PUBLIC-SCHOOL ADMISSIONS.

SLLIS is a taxpayer-funded public charter school. The public has a substantial interest in resident pupils receiving the enrollment protections enacted by the General Assembly and in charter schools applying announced admissions standards consistently. Emergency relief would not grant every applicant a preferred placement. It would ensure that a public institution cannot defeat access

Electronically Filed - City of St. Louis - August 21, 2026 - 07:41 PM

by invoking an unpublished categorical rule after directing an applicant through a different process for months.

## V. A NOMINAL BOND IS APPROPRIATE.

Rule 92.02(d) requires security. The requested relief creates no demonstrated monetary loss: SLLIS would provisionally educate two resident pupils or preserve two seats while conducting its own contemplated assessment. Plaintiffs therefore request a nominal bond or cash deposit of $100, or such other amount as the Court determines.

## CONCLUSION

The only way to get SLLIS to act in good faith is with a court order. Plaintiffs have spent six months watching every good-faith gesture on their part met with a new obstacle from SLLIS. A court order removes the discretion that SLLIS has been abusing.

Plaintiffs respectfully request a noticed TRO directing immediate enrollment and eighth-grade Spanish placement pending the preliminary-injunction hearing. Alternatively, the Court should direct immediate enrollment in SLLIS, prohibit Defendants from using prior grade completion or Spanish proficiency to deny enrollment, permit a fair assessment solely for grade placement within the Spanish Program, and preserve two seats pending that placement determination.

**RESPECTFULLY SUBMITTED,**
**FOSTER + BLOOM LAW GROUP, PLLC**

BY: LJBW

MARY BECK, MO BAR NO. 33789
**LAURA "JOANNA" BECK WILKINSON, MO BAR NO. 62583**
JOANNA@FOSTERBLOOMLAW.COM
232 NORTH KINGSHIGHWAY
UNIT 1109
ST. LOUIS, MISSOURI 63108
PHONE NO. 573.446.7554
FACSIMILE NO. 866.632.1345
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

COPY OF THE ABOVE AND FOREGOING SERVED VIA MISSOURI COURT'S E-FILING SYSTEM AND/OR ELECTRONICALLY MAILED ON ____________________ WITH NOTICE TO:

**MICHELLE BASI**

Electronically Filed - City of St. Louis - August 21, 2026 - 07:41 PM

MBASI@TUETHKEENEY.COM
ATTORNEY FOR DEFENDANTS

LJBW
______________________
LAURA "JOANNA" BECK WILKINSON
JOANNA@FOSTERBLOOMLAW.COM